.UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| M. REEF[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-126 |
| | ) |
| FRANK J. BISIGNANO[2], | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of a decision of the Commissioner of Social Security, filed by the *pro se*[3] plaintiff, M. Reef, on March 21, 2024. For the following reasons, the decision of the Commissioner is **AFFIRMED**.

*Background*

The plaintiff, M. Reef ("Reef"), filed an application for Supplemental Security Income and Disability Insurance Benefits[4] in January 2022, alleging a disability onset date in October 2021. (Tr. 281-95). Reef appeared with counsel at a hearing before an Administrative Law Judge ("ALJ") in September 2023. (Tr. 91-127). The ALJ, William Pierson, issued an unfavorable

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.
[2] Frank Bisignano was confirmed as Commissioner on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).
[3] *Pro se* complaints are construed "liberally" and held to a "less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (quoting *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)).
[4] The regulations contain separate sections for disability insurance benefits and supplemental security income; however, the analysis for both claims is the same. *Craft v. Astrue*, 539 F.3d 668, 647, n.6 (7th Cir. 2008) ("The process of evaluation are identical in all respects relevant to this case.").

decision in October 2023. (Tr. 61-90). The Appeals Council denied Reef's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 46-48). Reef, *pro se*, filed a timely Complaint [DE 1].

At step one of the five-step sequential analysis for determining whether an individual is disabled, as defined in the Social Security Act, the ALJ found that Reef had engaged in substantial gainful employment from October 2021 to December 2021. (Tr. 66). The ALJ acknowledged that Reef denied working after October 28, 2021, but the ALJ also noted that Reef's income for the 4th quarter of 2021 was $4,877.00. The ALJ also found that there had been a continuous 12-month period in which Reef did not engage in substantial gainful activity. (Tr. 66).

At step two, the ALJ determined that Reef' had the severe impairments of recurrent major depressive disorder, PTSD/generalized anxiety disorder, and psychophysiological insomnia. (Tr. 67). The ALJ also identified that Reef had numerous non-severe medically determinable impairments that did not result in work-related limitations. *Id.*

At step three, the ALJ concluded that Reef's impairments did not meet or equal any impairment listing, including Listing 12.04 (depressive, bipolar, and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), and 12.15 (trauma and stressor-related disorders). (Tr. 68). Under the ALJ's "B criteria" analysis, the ALJ found moderate limitations in understanding, remembering, or applying information; interacting with others; concentrating persisting, or maintaining pace; and adapting or managing oneself. (Tr. 68). Under the ALJ's "C criteria" analysis, the ALJ found Reef had failed to establish the presence of Paragraph C criteria.

Following step three, the ALJ then assessed Reef's residual functional capacity (RFC),

holding as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations. The claimant can perform simple, routine and repetitive tasks and instructions throughout the workday. The claimant can occasionally interact with coworkers, the public and supervisors, and can accept instructions, criticisms and directions from the supervisor. Workplace changes should be gradual and expected, and the claimant can respond or adapt to the changes, cope with the stress and engage in the decision making required of such above tasks.

(Tr. 71).

At step four, the ALJ found that Reef had semi-skilled past relevant work experience that he still could perform. (Tr. 80). Reef worked as a medical screener, pharmacy technician, shuttle driver, and cashier/checker. However, the ALJ found that Reef no longer could perform such work. *Id.* However, the ALJ compared Reef's other past relevant work and the vocational expert testimony, finding that Reef still could perform other jobs, such as a packer and cleaner, that he had worked in the past. *Id.*

At step five, the ALJ relied on vocational testimony and found that Reef could perform a significant number of jobs which existed in sufficient numbers in the national economy, including a routing clerk, a checker, and a sorter. (Tr. 81-82). As a result, the ALJ found that Reef was not disabled, as defined in the Social Security Act. (Tr. 82).

## *Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive.");

3

*Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014); *Bates v. Colvin*, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."); *Swiecichowski v. Dudek*, 113 F.4th 751, 756 (7th Cir. 2025); *Rabdeau v. Bisignano*, 155 F.4th 908, 912 (7th Cir. 2025)(quoting *Jarnutowski v. Kijakazi*, 48 F.4th 769,773 (7th Cir. 2022)). Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to support such a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); *see Bates*, 736 F.3d at 1098. A court must affirm an ALJ's decision if the ALJ supported his findings with substantial evidence and if there have been no errors of law. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted). Yet "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to individuals who can establish a "disability" under the Social Security Act. The claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. 20 C.F.R. §§ 404.1520, 416.920. The ALJ first considers whether the claimant is employed and "doing . . . substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is, the claimant is not disabled, and the evaluation process is over. If he is not, the ALJ next addresses whether the

claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c); *see Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. 20 C.F.R. § 401, pt. 404, subpt. P, app. 1. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of her past work. If, at this fourth step, the claimant can perform his past relevant work, he will be found not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). That said, if the claimant shows that his impairment is so severe that he cannot engage in his past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, considering his age, education, job experience, and functional capacity to work, is able to perform other work and that such work exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Biestek v. Berryhill*, 139 S. Ct. 1148 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying his opinion about job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

    Reef has requested that the court remand this matter for additional proceedings. In his appeal, he claims that the ALJ failed to consider his job history, Dr. Mayle's report, his sister's questionnaire, and whether he had engaged in substantial gainful activity. Reef also submits that this case should be remanded due to new evidence that was not presented to the ALJ.

**1. The ALJ's determination to deny Reef benefits is supported by substantial evidence.**

Reef does not argue that ALJ erred in finding that his limitations were not severe or by omitting workplace restrictions in his RFC. The RFC finding is central to the outcome of a Social Security case. This determination represents the claimant's ability to work in consideration of all of his physical and mental limitations, and as such it plays a key role in the ALJ's determination of whether the claimant is disabled and eligible for benefits, or whether he can hold substantial gainful employment on a regular basis. SSR 96-8p, 1996 WL 374184, at *1; *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013); *see also Yurt v. Colvin,* 758 F.3d 850, 857 (7th Cir. 2014) ("the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical report."). Since the RFC finding must account for all of a claimant's physical and mental limitations, an ALJ's failure to fully consider even non-severe limitations within the RFC finding warrants remand and reversal. *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010); *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003). This is because an RFC finding which does not account for all of a claimant's limitations is not supported by substantial evidence. *Lothridge v. Saul*, 984 F.3d 1227, 1232-33 (7th Cir. 2021).

Here, the ALJ determined that Reef could perform unskilled work with limited social interactions. The RFC stated that Reef could have minimal interactions in a low-intensity workplace. (Tr. 71). In making that determination, the ALJ discussed Reef's symptoms and medical record. *Id.* The ALJ performed the requisite two-step process requiring the determination whether there is an underlying medically determinable physical or mental impairment that could reasonably produce the claimant's pain or symptoms, and if such an underlying impairment exists, analysis of the intensity, persistence, or functionally limiting effects of pain. *Id.*

Without more, Reef asserted the following when asked what conditions limited his ability to work: bipolar, depression, anxiety, PTSD, diabetes, cholesterol, hypertension. (Tr. 312). Both reviewing physicians found that Reef's diabetes, cholesterol, and hypertension did not create severe physical impairments prohibiting his ability to work. (Tr. 131; Tr. 141; Tr. 152; Tr. 162). The physicians did limit Reef to light work, but the ALJ found those findings unpersuasive. (Tr. 67). At step one in establishing his RFC determination, the ALJ considered Reef's work history and then-current treatment, such as therapy and medication. (Tr. 72). Notably, the ALJ stated that Reef denied that his physical impairments prevented him from working, sitting, using his hands, or lifting/carrying. *Id.* The ALJ also noted that Reef's stated ability to stand for four or five hours and to stand for two hours at a time. *Id.*

The ALJ proceeded to discuss Reef's mental health limitations, starting with generalized anxiety, Reef's "most severe mental health issue." (Tr. 72). The ALJ discussed how anxiety made Reef become overwhelmed and required time to calm down before returning to a task. *Id.* The ALJ also noted that Reef suffered from panic attacks, which were triggered by others' negative comments, resulting in Reef avoiding grocery stores and large crowds. *Id.* The ALJ then evaluated Reef's bipolar symptoms, noting that Reef suffered from variable moods since 2020 and had been receiving mental health treatment accordingly. In an average month, Reef reported that he had "half good days with half bad days" resulting from the combination of his anxiety and PTSD, with bipolar symptoms exacerbating his mood. *Id.* Due to his mental health limitations, Reef stated that he would be unable to perform an easy job because he had no ability to work at a fast pace and would be upset by being around people. *Id.* The ALJ also noted a discrepancy between Reef's statements and the medical record, noting that the records did not reflect psychosis or hallucinations, despite Reef's representation that he suffered from both and

7

shared that with his mental health professionals. *Id.*

The ALJ described, in detail and confirmed by Reef's sister's third-party daily activity report (Exhibits 3E; 8E; 9E), Reef's typical day. Reef reported being able to wake up and organize household chores before cooking for himself. (Tr. 73). The ALJ noted that Reef lived alone, but his sister reported that Reef lived with her. Reef cared for two dogs, physical household chores, cooking, shopping, driving, running errands alone, spending time with friends and family in-person and online, and managing his finances. *Id.* The ALJ also remarked that Reef denied any physical limitations affecting his day-to-day life but did affirm struggling with forgetfulness, panic around authority, and inability to adapt in routine or stress. *Id.*

The ALJ then proceeded to evaluate records of diagnoses, medical treatment, and follow-up appointments. (Tr. 74-80). The in-depth analysis noted inconsistencies found between Reef's statements and the medical records. Ultimately, the ALJ's thorough evaluation resulted in the conclusion that Reef did not have "sustained physical conditions, symptom or limitation in function that have endured as severe" but was moderately limited "within all four of the primary assessed areas of 'paragraph B' criteria." (Tr. 80).

The ALJ's analysis was extensive and sufficiently addressed Reef's medical history and symptoms. The analysis built the requisite logical bridge to support the RFC finding. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007); *Christopher M.H. v. O'Malley*, 2024 WL 771729, at *4 (N.D. Ind. Feb. 26, 2024).

**A. The ALJ adequately considered Reef's job history.**

The ALJ discussed Reef's past work experience and noted his previous skills that could translate to jobs available to Reef at the time of the review. (Tr. 80). The ALJ also listed, at length, other work that existed in large quantities that Reef would be to perform. (Tr. 81).

### B. The ALJ discussed Dr. Mayle's report in-depth.

The ALJ discussed Dr. Amanda Mayle, Ph.D.'s report and found it inconsistent with the record as a whole. (Tr. 17; Tr. 72-74). In fact, Dr. Mayle's findings were detailed and conflicted with the doctor's own statement that Reef appeared with good eye contact, interactive behavior, reciprocity to social cues, and a logical and sequential thought process, amongst others. (Tr. 17). An ALJ is free to determine that a claimant's alleged impairments are not supported by the medical and nonmedical evidence. 20 C.F.R. § 416.920c(b)(2), (c)(1)-(2) (regulatory factors of supportability and consistency are the most important factors ALJs consider when determining persuasiveness of prior administrative medical findings). An ALJ must consider all medical opinions and, even though the ALJ is not required to address each piece of evidence, a logical bridge between the evidence and conclusions is necessary. 20 C.F.R. § 404.1527(b,c); *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013); *Rabdeau*, 155 F.4th at 913 (quoting *Denton*, 596 F.3d at 425). The ALJ found that Dr. Mayle's conclusions were restatements of Reef's subjective feelings rather than medical opinions connected to diagnostic exams.

### C. The ALJ relied on Reef's sister's third-party daily activity report in his analysis.

As noted above, the ALJ discussed Reef's sister's third-party daily activity report when finalizing the RFC. (Tr. 73).

### 2. The "new evidence" presented by Plaintiff is not material as it would not have altered the ALJ's determination had it been evidence presented at the hearing.

The new evidence presented by Reef is not the type that would constitute a remand. Reef asks this court to remand his case back to the Social Security Commissioner for consideration of new evidence. [DE 12]. "A reviewing court may order additional evidence to be taken before the Commissioner upon a showing that there exists 'new evidence which is material and that there is

good cause for the failure to incorporate such evidence into the record in a prior proceeding.' 42 U.S.C. § 405(g); *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1999)." *Schmidt v. Barnhart*, 395 F.3d 737, 741-42 (7th Cir. 2005). New evidence is material only if there is a "reasonable probability" the ALJ would have decidedly differently had the evidence been presented. *Schmidt*, 395 F.3d at 742 (citing *Johnson v. Apfel*, 191 F.3d 770, 776 (7th Cir. 1999).

Reef's additional evidence is a psychological evaluation performed eight months after the ALJ's decision. Although the evaluation presents new evidence not considered at the hearing, it does not substantiate Reef's condition "as it existed at or prior to the time of the administrative hearing." *Schmidt*, 395 F.3d at 742. Records that come into existence after the ALJ's determination "do not meet the standard for new and material evidence." Id. (citing *Kapusta v. Sullivan*, 900 F.2d 94, 97 (7th Cir. 1989).

## *Conclusion*

For the foregoing reasons, the decision of the Commissioner is **AFFIRMED**.

ENTERED this 4th day of February, 2026.

/s/ Andrew P. Rodovich
United States Magistrate Judge